UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOHN PERTEET,

                  Plaintiff,                          Case No. 13-cv-13757

v.                                          Honorable Thomas L. Ludington

SAGINAW TRANSIT AUTHORITY
REGIONAL SERVICES,

                  Defendant.

_____/

**OPINION AND ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

Plaintiff John Perteet began this case against Saginaw Transit Authority Regional Services (STARS) on September 3, 2013. In his complaint, ECF No. 1, he alleged that STARS violated the FMLA by both interfering with his ability to exercise his rights under the statute and retaliating against him for attempting to exercise those rights. Following discovery, STARS filed a motion for summary judgment which primarily alleges that Perteet was not an eligible employee under the FMLA. ECF No. 12.

Defendant STARS asserts that Perteet's claims should be dismissed as a matter of law because Perteet is an ineligible employee under the FMLA. ECF No. 12. Plaintiff Perteet answers arguing that STARS has made material representations to the contrary, estopping them from now denying Perteet's eligibility. ECF No. 14. Because Perteet was not an eligible employee under the FMLA at the time he was provided with the paperwork to request leave, summary judgment will be granted.

## I.

Plaintiff John Perteet worked as a bus driver with STARS from February 4, 2008 to May 10, 2012. *See* Def. Br. at 1. Up until October 26, 2011 Perteet worked full-time as a bus operator. While driving a bus for STARS on that date, Perteet suffered an injury to his head and neck when an access panel covering surveillance equipment fell and hit him. Def. Br., Ex. 2 at 64-66. STARS had Perteet transported to Covenant Healthcare where he underwent treatment for his injury. *Id.* at 70. Perteet was then unable to work and began collecting worker's compensation benefits. Perteet never returned to work for STARS. *Id.* at 109.

On March 22, 2012 Perteet visited his primary care physician who wrote him a note permitting him to return to work on April 15, 2012. *Id.* at 85, 108. Before returning, however, Perteet needed to pass a Department of Transportation Commercial Driver Fitness Determination to renew his DOT certification. *Id.* at 108-09. Perteet failed this Determination and was told that the reasons for failing were his regular Vicodin use, high blood pressure, and lingering shoulder problems. *Id.* at 39-47. After failing this physical Perteet did not contact STARS or update them as to his status. Def. Reply, Ex. E at 2.

On April 25, 2012, having not heard from Perteet since he last notified STARS he could return on April 15, STARS human resources director Mikki Manion sent Perteet a letter regarding FMLA leave. Pl. Resp., Ex. 7. In this letter Ms. Manion advised Perteet "that STARS is in receipt of your doctor's note dated March 22, 2012 which indicated your absence for 3/22/12 – 4/15/12. However, at this time you have not returned to work nor have any further updates been received from you, regarding your return to work status." *Id.* Ms. Manion then alerted Perteet to the possibility of leave under the Family and Medical Leave Act: "Under the

- 2 -

[Act] employees are entitled to up to twelve (12) weeks of unpaid, job-protected leave for certain family and medical reasons. . . . Enclosed you will find all of the necessary paperwork to request FMLA." *Id*. Manion closed the letter by instructing Perteet on how to proceed with the paperwork he received: "If you are unable to return to work due to a serious health condition you are still required to submit an updated physician's statement. Please complete and return the enclosed FMLA paperwork within 5 business days of receipt of this letter to inform us of your current status." *Id*. The FMLA paperwork itself included a notice that Perteet had up to 15 business days after receipt to complete the paperwork. Pl. Resp., Ex. 8.

Perteet never completed the paperwork or notified STARS of any reason for his continued absence. STARS then chose to terminate his employment. Def. Br., Ex. 2 at 105. Perteet was sent a letter on May 10, 2012 informing him of this decision:

> As of May 10, 2012 you had not been given an extension, provided anyone with documentation of a continued disability or notified anyone of your absence. This failure to report to work in conjunction with the failure to notify STARS of your absence, or provide documentation of this medical leave is violation of Work Rule 2.8 and the USW, Local 9036 Collective Bargaining Agreement and constitutes a voluntary termination. Def. Br., Ex. 6.

Perteet had not returned to work since October 26, 2011. Def. Br., Ex. 2 at 109. In the twelve months prior to him receiving the FMLA paperwork Perteet totaled 901 hours of work with STARS. See Def. Br., Ex. 4.[1]

## II.

A motion for summary judgment should be granted if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The focus must be "whether the evidence presents a sufficient

---

[1] The parties dispute the admissibility of Mikki Manion's affidavit at the Summary Judgment phase. These objections will be addressed below, but, as a preliminary matter, there is no basis for its exclusion.

disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby*, 477 U.S. 242, 251–52 (1986). The moving party has the initial burden of identifying where to look in the record for evidence "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The burden then shifts to the opposing party who must set out specific facts showing "a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (citation omitted).

The Court must view the evidence and draw all reasonable inferences in favor of the non-movant and determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id*. at 251-52, *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "Entry of summary judgment is appropriate 'against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" *Walton v. Ford Motor Co.*, 424 F.3d 481, 485 (6th Cir. 2005) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

### III.

The primary thrust of STARS' Motion for Summary Judgment is that Perteet is not an eligible employee as defined by the FMLA and thus cannot avail himself of its benefits. Def. Br. at 1. STARS alleges that Perteet logged only 901 hours of work in the twelve months prior to receiving the information regarding FMLA leave. *Id*. at 5. As a result, STARS asserts, Perteet is ineligible for protection under the FMLA and Summary Judgment should be entered in STARS favor. *Id*. at 9.

Plaintiff, in his response brief, advances two arguments for relief notwithstanding STARS contention that he is not an eligible employee. First, he claims that STARS has either admitted that he is eligible during discovery and cannot now deny it, or STARS engaged in conduct equivalent to an admission prior to this matter's commencement and cannot now deny it. Pl. Resp. at 1. Second, Plaintiff contends that the employee eligibility requirement applies only to interference claims and so, at a minimum, his retaliation claim should survive. *Id*. at 15. Neither of Plaintiff's responses have merit.

## A.

At the commencement of an FMLA action a plaintiff must establish a jurisdictional basis for his complaint. Failure to provide such a basis leaves plaintiff susceptible to a motion to dismiss.[2] "In order to survive a motion to dismiss a plaintiff must show that (1) he is an eligible employee under the FMLA, as defined in 29 U.S.C. § 2611(2); (2) defendant is an employer under the FMLA, as defined in 29 U.S.C. § 2611(4); (3) he was entitled to leave under the FMLA, as defined in 29 U.S.C. § 2612(a)(1); and (4) defendant engaged in some prohibited act, as defined in 29 U.S.C. § 2615." *Spurlock v. NYNEX*, 949 F. Supp. 1022, 1033 (W.D.N.Y. 1996) (citing *Blidy v. Examination Management Services*, 1996 WL 568786 (N. D. Ill.)). A plaintiff unable to demonstrate one or all of these requirements will be dismissed for failure to state a claim on which relief may be granted. *See, e.g.*, *Woodland v. District Council 20*, 777 A.2d 795 (D.C. Cir. 2001); *Boyce v. New York City Mission Society*, 963 F. Supp. 290, 298 (S.D.N.Y. 1997); *Spurlock v. NYNEX*, 949 F. Supp. 1022, 1033 (W.D.N.Y. 1996).

Section 2611(2) of the FMLA sets forth the manner by which an employee may be deemed "eligible" for purposes of the Act. 29 U.S.C. § 2611(2). The parties do not dispute that

---

[2] Although this is a motion for summary judgment, jurisdictional questions can be raised as early as, and arguably more appropriately, at the motion to dismiss stage. That does not prevent adjudication of the matter at summary judgment.

were Perteet to be eligible, he would be so under the 1,250 Hours of Service provision. 29 U.S.C. § 2611(2)(A)(ii). Yet neither party contests that he did not meet this threshold. Perteet contests only the admissibility of STARS evidence on the matter, an affidavit sworn by Mikki Manion, STARS' Human Resources Manager. In the affidavit, Ms. Manion asserts that she "reviewed Plaintiff's payroll records from April 25, 2011 through April 25, 2012 and verified that he only worked a total of 901 hours during that time period." Def. Br., Ex. 5 at 2. Perteet claims the affidavit contains inadmissible hearsay which may not be considered under Federal Rule of Civil Procedure 56(c)(4) which requires that affidavits be "made on personal knowledge [and] set out facts that would be admissible in evidence." FED. R. CIV. P. 56(c)(4). Ms. Manion's affidavit meets this standard.

A mere declaration that an affidavit is supported by personal knowledge suffices to meet the personal knowledge requirement for affidavits supporting Summary Judgment Motions. *See Kemper v. Saline Lectronics*, 348 F. Supp. 2d 897, 899 (N.D. Ohio 2004) (acknowledging that nothing more than a statement of personal knowledge is required, though there are no "magic words"). Here, Ms. Manion's affidavit declares at paragraph 1 that "this affidavit is made of my own personal knowledge." Def. Br., Ex. 4. Perteet's claim to the contrary is without basis in the record.

For an affidavit to be based on evidence admissible at trial it is only necessary that the underlying facts be provable in some form at trial. *See Mohney v. USA Hockey, Inc.*, 77 F. Supp. 2d 859, 865 (N.D. Ohio 1999) (refusing to strike improperly authenticated letter attached to affidavit because evidence in letter could be admissible in different form at trial), and *Hughes v. United States*, 953 F.2d 531, 543 (9th Cir. 1992) (allowing consideration of statements in affidavit that would violate Best Evidence rule since facts in affidavit would otherwise be

- 6 -

admissible at trial). Perteet claims that Ms. Manion's affidavit violates the Federal Rules of Evidence regarding hearsay testimony but does not indicate why. The payroll records cited by Ms. Manion amount to a record of regularly conducted activity and so fall outside the hearsay exclusion. FED. R. EVID. 803(6). While STARS may have to produce the original payroll records at trial to comply with the best evidence rules found in Federal Rules of Evidence 1002 and 1008,[3] as the Ninth Circuit explained in *Hughes*, this does not prevent a court from considering this evidence at the Summary Judgment stage. 953 F.2d at 543. As a result, Ms. Manion's affidavit may properly be considered.

Because Ms. Manion's affidavit is admissible and Perteet does not contest his actual hours worked in the year prior to April 25, 1012, Perteet is not eligible for FMLA protections, does not enjoy rights under the FMLA, and has not stated a claim for relief.

### B.

Plaintiff responds to Defendant by claiming that Defendant is estopped from denying his eligibility under the act, having already admitted as much. Pl. Resp. at 1. Perteet's assertions are not entirely clear. He appears to make two different estoppel claims. First, he alleges that STARS has, by default, admitted his eligibility during discovery. *Id*. This, he suggests, was done when STARS did not respond to Perteet's request for admission with sufficient specificity. Second, he claims that STARS admitted Perteet was eligible when it sent him paperwork notifying him that he might be eligible for FMLA leave if he were to request it. *Id*. These arguments will be taken in turn but both must be rejected.

---

[3] The best evidence rule states that "an original writing, recording, or photograph is required in order to prove its content unless these rules or a federal statute provides otherwise." FED. R. EVID. 1002. There are exceptions to the rule, such as where there is a voluminous amount of paperwork being summarized or the opposing party has already admitted the content of the evidence. FED. R. EVID. 1006 & 1007; see also FED. R. EVID. 1004 (providing for other exceptions less relevant to the current case).

## 1.

Perteet first claims, relying on Federal Rule of Civil Procedure 36(b), that STARS admitted his eligibility during the course of discovery and cannot revoke that admission. Pl. Resp. at 1. Perteet asserts that "Defendant's discovery responses amount to an admission under Fed. R. Civ. P. 36, which means that Plaintiff's eligibility 'is conclusively established.' As such, this Honorable Court should find as a matter of law that Plaintiff was an eligible employee based on Defendant's admission of the same." *Id*. at 10.[4] STARS disputes Perteet's explanation of their response and its legal treatment under the Federal Rules of Civil Procedure.[5] STARS claims that they were responsive, but even if they were not, Perteet had to move for an admission under the rule and that one would not be inferred.

Federal Rule of Civil Procedure 36 governs the discovery practice of interrogatories, requests, and admissions. FED. R. CIV. P. 36. Perteet interprets the rule as treating a response as an admission to an interrogatory when the response is in fact not responsive. Pl. Resp. at 10. The rule provides that an admission will be inferred where an interrogatory goes unanswered. FED. R. CIV. P. 36(a)(3). Where a request is answered but the requesting party deems it insufficient, the propounding party must move to have the answer deemed insufficient, and either have the court direct a complete response or consider the request admitted. FED. R. CIV. P. 36(b). Admissions are only to be inferred when a request goes entirely unanswered.

---

[4] This Court's Local Rules bar pleading motions in response briefing. E.D. Mich. LR 5(e). This argument by Perteet will be treated as a response to STARS' assertion of his ineligibility.

[5] In his response brief, Perteet relies on Defendant's Replies to Plaintiff's First Requests for Admissions and Defendant's Answers to Plaintiff's Interrogatories to Plaintiff's First Set of Interrogatories [sic] for evidence. Pl. Resp., Ex. 15 & 16. Neither party identifies the date on which these Answers were served. Defendant, in reply, alleges that it made no such admission and points to Defendant's First Amendment to Replies to Plaintiff's First Requests for Admissions served on June 9, 2014. Def. Reply, Ex. D. Unfortunately, neither party has furnished enough information to determine what the discovery response was.

Perteet's initial request asked STARS to "admit that Plaintiff was an 'eligible employee' as defined by 29 C.F.R. § 825.110." Def. Resp., Ex. 15. STARS responded to this with a part objection and part admission, stating:

> Defendant objects to this Request to Admit to the extent that this calls for a legal conclusion. More importantly, Defendant objects to the extent that the document, as worded, is vague. Without waiving the objections, Defendant indicates that at some point in time, Plaintiff was an 'eligible employee' as defined under 29 C.F.R. § 825.110. *Id.*

Because STARS' was responsive, Federal Rule of Civil Procedure 36 required that Perteet seek an order clarifying the response or deeming the request admitted. Moreover, no reasonable jury could view STARS' response as an unqualified admission that "Plaintiff was an 'eligible employee' as defined by 29 C.F.R. § 825.110." The cited regulation specifically requires that "eligible employees" be eligible at the time FMLA leave is requested. *See* 29 C.F.R. § 825.110. The admission by STARS that "at some point in time" Perteet was an eligible employee cannot reasonably be understood to be an admission that Perteet was eligible on the date he requested leave.

**2.**

Perteet's second estoppel argument centers on the FMLA notice mailed to Perteet by STARS. Perteet alleges that, as a matter of law, STARS violated the FMLA by failing to mail the required eligibility notice and rights and responsibilities notice. Pl. Resp. Br. at 10-14.[6] Perteet also argues that the FMLA leave application amounts to an admission that Perteet was eligible under the FMLA. Perteet argues that by mailing him the notice STARS is estopped from now denying that he is an eligible employee.

---

[6] This claim for summary relief is also barred for the reasons outlined in note 4.

The Sixth Circuit has recognized equitable estoppel in the FMLA context. *See Dobrowski v. Jay Dee Contractors, Inc.*, 571 F.3d 551 (6th Cir. 2009). In doing so it has adopted the requirements of common law equitable estoppel, noting that an employee must show: "(1) a definite misrepresentation as to a material fact, (2) a reasonable reliance on the misrepresentation, and (3) a resulting detriment to the party reasonably relying on the misrepresentation." *Id*., 571 F.3d at 557. An employer is estopped from denying that an employee is FMLA-eligible when they have previously represented to that employee that they were in fact eligible. *See Woodford v. Community Action of Greene County, Inc.*, 268 F.3d 51, 57 (2d. Cir. 2001). Courts usually employ estoppel only in particularly compelling circumstances. *See, e.g., Dobrowski*, 571 F.3d 551 (applying estoppel where employer affirmatively granted employee FMLA leave after employee filled out and returned FMLA paperwork despite being ineligible); *Woodford*, 268 F.3d 51 (applying estoppel where employer had sent employee paperwork saying they had determined she was eligible for leave under the FMLA). Here, STARS did not make a misrepresentation of material fact sufficient for estoppel to apply.

The letter sent by Ms. Manion to Perteet states that "Under the Family and Medical Leave act of 1993 (FMLA), employees are entitled to up to twelve (12) weeks of unpaid, job protected leave for certain family and medical reasons." Pl. Resp. Br., Ex. 7. Perteet claims this "amount[s] to a representation of a material fact." *Mutchler*, 485 F.3d at 861. The letter, however, also states in the same paragraph: "Enclosed you will find all of the necessary paperwork to *request* FMLA." Pl. Resp. Br., Ex. 7 (emphasis added). In addition, the letter closes with a request that Perteet "inform [STARS] of [Perteet's] current status," *Id*., suggesting that STARS did not know whether Perteet would qualify for FMLA leave. No reasonable jury

- 10 -

could find that STARS made a material representation worthy of reliance on the part of Perteet
and so the claim cannot succeed.

## C.

Plaintiff's final argument is that even if his interference claim is dismissed due to his
ineligibility, no such eligibility prerequisite exists for retaliation claims and so that claim should
survive. Sixth Circuit authority does not support Perteet's argument. In *Humenny v. Genex
Corp.*, 390 F.3d 901 (6th Cir. 2004), the Sixth Circuit reiterated its prior holdings on this point
that "in an FMLA retaliation case . . . if the plaintiff does not qualify as an 'eligible employee,'
the plaintiff does not state a claim for relief under the FMLA." 390 F.3d at 905 (citing *Coen v.
Sybron Dental Specialties*, 1 Fed. App'x 386, 389 (6th Cir. 2001)); *see also Staunch v.
Continental Airlines, Inc.*, 511 F.3d 625, 629 (6th Cir. 2008) ("As an initial matter, a FMLA
claim cannot be maintained by a plaintiff who was not an 'eligible employee.'" (citing *Humenny*,
390 F.3d at 905-06)). Sixth Circuit courts, including this Court, have regularly and uniformly
applied this rule. *See Grimsley v. Fiesta Salons, Inc.*, No. 01-10376 2003 WL 117985 (E.D.
Mich.2003); *Dunn v. Chattanooga Pub. Co.*, No. 12-252, 2013 WL 145865 (E.D. Tenn. Jan. 14,
2013); *Rosania v. Taco Bell of America, Inc.*, 303 F.Supp.2d 878, 887 n.9 (N.D. Ohio 2004).

Plaintiff attempts to limit *Humenny* by asserting that "the reasoning animating the
*Humenny* holding is that because the employee never qualified for FMLA leave, the employee
could not have exercised or attempted to exercise any rights provided by the FMLA." Pl. Resp.
Br. at 15. While a cogent explanation of *Humenny*'s attention to the issue, Perteet does not
explain how his case is different. A district court within the Sixth Circuit has addressed this
precise issue and found that an employee must be eligible at the time leave is requested. *See
Rosania*, 303 F.Supp.2d at 887 n.9 ("To sustain an FMLA retaliation claim, the plaintiff must

- 11 -

allege that [he] was an eligible employee *at the time [he] took [his] leave*." (quoting *Delgado v. Solopak Pharms., Inc.*, No. 96 C 7397, 1997 WL 403703, **3–4 (N.D.Ill. July 15, 1997) (emphasis in original)). *Rosania* is soundly reasoned. We are bound by the rule set forth by the Sixth Circuit in *Humenny*: "This Court finds that the FMLA's 'eligible employee' requirement applies in all FMLA cases, including retaliation cases." *Humenny*, 390 F.3d at 906; s*ee also United States v. Roper*, 266 F.3d 526, 530 (6th Cir. 2001) ("prior published opinion of [the Sixth Circuit] is binding unless either an intervening decision of the United States Supreme Court requires modification of the prior opinion or it is overruled by [the Sixth Circuit] sitting en banc") (citing *United States v. Smith*, 73 F.3d 1414, 1418 (6th Cir. 1996)).

Perteet next claims that *Hummeny* is bad law and emphasizes authority from other circuits. Perteet raises *McArdle v. Town of Dracut/Dracut Public Schools* in support of his claim that even ineligible employees have some rights under the FMLA. 732 F.3d 29 (1st Cir. 2013). But it is not clear that *McArdle* supports this proposition. While the First Circuit opinion provides that "the statute prohibits employer interference with both the exercise of rights provided under the FMLA and 'the attempt to exercise any [such] right,'" *McArdle*, 732 F.3d at 36 (quoting 29 U.S.C. 2615(a)(1)), it does not provide that the prohibition also applies to ineligible employees. To the contrary, the panel in *McArdle* withheld its decision on that question. 732 F.3d at 36 ("In any event, in this case we need not decide whether an ineligible employee may never bring a retaliation claim under the FMLA if he is fired merely for asking if he is eligible.").

Finally, Perteet cites three cases from this circuit that he contends distinguish or ignore *Humenny*'s guidance. Pl. Resp. Br. at 16-17 (citing *Cloar v. Kohler*, 2005 WL 2396643, *3 (W.D. Tenn. Sept. 26, 2005); *Hoffman v. Professional Medical Team*, 394 F.3d 414 (6th Cir.

2005); *Skrjanc v. Great Lakes Power Serv. Co.*, 272 F.3d 309 (6th Cir. 2001)). All three of the cases concern retaliation by an employer for an employee requesting FMLA leave or stating an intent to request such leave. But the requests in each case were made by employees eligible for leave under the FMLA. The eligible employees were requesting forms of *leave* that were not eligible under the FMLA. Thus, the cases are inapposite. The employees in those cases were able to clear the initial barrier of employee-eligibility that Perteet is not.

## IV.

Accordingly, it is **ORDERED** that Saginaw Transit Authority Regional Services' Motion for Summary Judgment (ECF No. 12) is **GRANTED.**

It is further **ORDERED** that Plaintiff's complaint (ECF No. 1) is **DISMISSED** with prejudice. This is a final order and closes the case.

Dated: September 16, 2014          s/Thomas L. Ludington
                                                   THOMAS L. LUDINGTON
                                                   United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 16, 2014.

s/Tracy A. Jacobs
TRACY A. JACOBS

---